## SAENZ v. HAMILTON HOTEL CO.

(Court of Civil Appeals of Texas. San Antonio. Dec. 11, 1918.)

1. LANDLORD AND TENANT ⟐274(3) — DISTRESS WARRANT—CONVERSION.

Where a tenant, against whom a distress warrant had been issued, delivered the keys to a constable over night, and the constable redelivered them to the tenant's agent the following morning, held, that the taking and keeping of the keys, as it was done with the tenant's consent, did not constitute a conversion of his property by the landlord.

2. APPEAL AND ERROR ⟐1068(3)—REVIEW—HARMLESS ERROR.

Where plaintiff made out no case entitling him to recover, errors in the instruction were immaterial.

3. LANDLORD AND TENANT ⟐274(3) — DISTRESS WARRANT—PETITION AND CITATION.

Where there was no seizure of property under a distress warrant, the tenant cannot com-

·plain that it was issued without petition having been filed or citation issued.

Appeal from District Court, Webb County: J. F. Mullally, Judge.

Action by Manuel A. Saenz against the Hamilton Hotel Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Chapin & Brown, of Laredo, for ·appellant. Mann & Henry, of Laredo, for appellee.

FLY, C. J. Appellant sued to recover actual damages in the sum of $6,000, and exemplary damages in the sum of $7,500, alleged to have accrued by reason of the seizure under a distress warrant of certain fixtures and personal property in a barber shop in Laredo, Tex., and conversion of the same by appellee. The cause was submitted to a jury on special issues, and upon the answers thereto judgment was rendered in favor of appellee.

[1] The evidence showed that appellant owed appellee $425 for rent of his shop, and that appellee applied for and obtained a distress warrant, but it was never levied on any property. When the constable approached appellant on the subject of a levy he asked for time to file a replevy bond, which was given, but failing to obtain the bond after closing time in the afternoon appellant instructed his head barber to turn over one of three keys to the barber shop to the constable. The officer nor any agent of appellee entered the shop or seized or controverted anything, but next morning before time for opening the shop for business the constable returned the key to the head barber, who conducted it in the interest of appellant. Appellee never at any time took possession of any property of appellant, except in so far as holding a key to the front door over night, and that was done because the key was voluntarily placed in the hands of the constable. The barber shop was never closed by appellee, nor was appellant prevented from opening it and using the property therein for one moment. No paper of any kind was ever served on appellant or a levy made upon his property. There was no conversion in law or under the facts.

There is no merit whatever in any of the assignments of error, and they are overruled. The taking and keeping of the key over night was done with the consent of appellant, and if that act constituted conversion, appellant cannot recover because it was done with his knowledge and full consent and acquiescence. The jury found, under an appropriate question and a definition of "conversion," that the property was not converted. Under the facts no other answer could have been properly returned.

[2, 3] The evidence failing utterly to make out a case for appellant, it would not matter how many errors were committed in refusing special charges. Whether or not a petition was filed or a citation issued or not did not matter, there being no seizure of the property.

The judgment is affirmed.